IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHRISTIAN J. WRIGHT,                                                                            PLAINTIFF
ADC #155008

v.                                         5:19CV00090-KGB-JTK

KEDRICK R. AVERY                                                                                DEFENDANT

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before

1

the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## I. Introduction

Plaintiff Christian Wright is a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC). He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging excessive force by Defendant Avery and seeking monetary relief. (Doc. No. 1)

Pending before the Court is Defendant's Motion to Dismiss (Doc. No. 12), to which Plaintiff responded (Doc. Nos. 14, 16, 18).

## II. Complaint

Plaintiff alleged in his Complaint that he sued Defendant Avery in his official capacity only for using excessive force against him on February 3, 2019. (Doc. No. 1, pp. 2, 4)

## III. Motion to Dismiss

FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007) (overruling Conley v. Gibson, 355 U.S. 41 (1967)), and setting a new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face. Twombly, 550 U.S. at 570. See also Robbins v. Oklahoma, 519 F.3d 1242 (10th Cir. 2008).

Defendant asks the Court to dismiss Plaintiff's Complaint against him because Plaintiff sued him in his official capacity only, and because Plaintiff also admitted that he did not exhaust his grievance. In his Response, Plaintiff claimed that he submitted grievances about the incident but that the grievances were not returned timely. (Doc. No. 14) By Order dated May 13, 2019, this Court directed Plaintiff to file a supplemental response addressing the official capacity argument. (Doc. No. 15) In Plaintiff's Supplemental Response, he addressed the grievance issue and Defendant Avery's alleged excessive force, but did not address the official capacity argument. (Doc. No. 18)

As noted by Defendant, state officials are not subject to a § 1983 lawsuit for money damages when they are sued in their official capacities, because they are not considered "persons" within the meaning of § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989). The Eleventh Amendment bars damages claims against state officials sued in their official capacities. Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). Therefore, the Court finds that Plaintiff clearly intended to sue Defendant in his official capacity and that his Complaint against Defendant should be dismissed, with prejudice.

### IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendant's Motion to Dismiss (Doc. No.

12) be GRANTED, and Plaintiff's Complaint be DISMISSED.

IT IS SO RECOMMENDED this 7th day of June, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE